**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ZEAUNTA WALKER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 3:26-cv-00032-JJV |
| | * | |
| FRANK BISIGNANO, | * | |
| Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM & ORDER**

Zeaunta Walker, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted briefs, and this case is ready for a decision.

The court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence. Therefore, I find the Complaint should be DISMISSED.

Plaintiff is relatively young – only 42 years old at the time of the administrative hearing. (Tr. 51.) She went as far as the tenth grade in school but earned her GED and attended some college. (Tr. 52, 188.)

The ALJ[1] first found Ms. Walker has not engaged in substantial gainful activity since November 6, 2023 - the application date. (Tr. 28.) She has "severe" impairments in the form of "ST segment elevation myocardial infarction (STEMI) status post bypass surgery, bronchopleural fistula status post apical bulla removal, degenerative disc disease of the cervical and lumbar spines, right knee degenerative joint disease, anxiety, depression, post-traumatic stress disorder (PTSD), schizophrenia, and alcohol abuse disorder." (*Id.*) The ALJ further found that Ms. Walker did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 29-33.)

The ALJ determined Ms. Walker had the residual functional capacity (RFC) to perform a

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

reduced range of sedentary work given her mental and physical impairments. (*Id.*) The ALJ utilized the services of a vocational expert (VE) to help determine what jobs Plaintiff could perform despite her impairments. Based in part on the testimony of the VE, (Tr. 61-65), the ALJ determined she could perform the jobs table worker, touch-up screener, and document preparer. (Tr. 38.) Accordingly, the ALJ determined Ms. Walker was not disabled. (Tr. 39.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ did not meet his burden of showing jobs existed in significant numbers in the economy that Plaintiff can perform despite her impairments. (Doc. No. 8 at 24-27.) Plaintiff specifically argues there are only approximately 1,200 table worker jobs and 1,117 touch up screener jobs available nationally, and these numbers fail to qualify as "significant" under the statute.

However, the Commissioner responds that the Regulation that it is the "combined number of jobs that mater." (Doc. No. 14 at 5.) The relevant Regulation explains, "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. 20 C.F.R. § 416.966(b). So based on the combined numbers, the total jobs identified by the VE would be 14,317.

I agree with the Commissioner's argument. The Regulation plainly states that, "Work exists in the national economy when there is a significant number of jobs in one or more occupations" meeting your physical and mental abilities and vocational qualifications.

Plaintiff's second argument is crucial to the first because the other job identified –

document preparer – has 12,000 jobs available in the national economy. The number of document preparer jobs by itself is enough to carry the day for the ALJ on jobs existing "in significant numbers," but Plaintiff says this job should be eliminated because the ALJ failed to resolve a reasoning level conflict. (Doc. No. 8 at 27-37.) In a nutshell, Plaintiff contends the document preparer job requires Level 3 Reasoning which is inconsistent with her limitation to simple work.

The Commissioner responds that, shortly before the administrative decision was issued in Ms. Walker's case, the rules changed. Briefly, the new rule says, "We are rescinding SSR 00-04p and will no longer require our adjudicators to identify and resolve conflicts between occupational information provided by VSs and VEs and information in the DOT." SSR 24-3p; 2024 WL 5256890, at *2 (Dec. 6, 2024). I find the Commissioner's argument to be highly persuasive.

But the more important question is whether Ms. Walker has the mental ability to perform the jobs identified by the VE. The ALJ asked, "if this person was limited to understanding, remembering and carrying out simple instructions, could that person still perform [the jobs of table worker, touch up screener, and document preparer]." (Tr. 64.) The VE answered, "Yes sir, it's unskilled sedentary." (Tr. 65.) So, according to the VE's testimony, these three jobs fit squarely into Ms. Walker's RFC. Based on the record, I find Ms. Walker - who earned her GED and attended some college - is capable of the reasoning demands of these three jobs.

Additionally, I am persuaded by the United States Court of Appeals for the Seventh Circuit's holding in *Leisgang v. Kijakazi*, 72 F.4th 216, 220 (7th Cir. 2023). The Seventh Circuit held:

> What all this means as a practical matter is that the ALJ is better suited than we are to unpack and untangle objections and concerns regarding the VE's methodology in the first instance. And the ALJ is best positioned to do so when the claimant

> identifies those objections and concerns expressly, allowing the proper development of the evidentiary record in real time. For the same reasons, several other circuits generally require claimants to exhaust their arguments at the administrative level, with a limited exception for constitutional claims arising out of the Appointments Clause.

*Id.* (citations omitted.)

Just as in *Leisgang*, Plaintiff made no objection to the VE's testimony. I realize Ms. Walker represented herself, but I simply find no error here.

Lastly, Plaintiff argues that the ALJ failed to properly analyze the medical source opinions. Specifically, she challenges the ALJ's evaluation of the medical opinions of Kenneth L. Holder, M.D., Nurse Practitioner Carla Smith, ARPN-CNP, and Rebekah L. Evans, Ph.D. (Doc. No. 8 at 37-41.)

As Plaintiff correctly points out, claims filed after March 27, 2017, like Ms. Walker's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior

administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

With regard to Dr. Holder and Ms. Smith, the ALJ declared their opinions not to be considered medical opinions as they did not include statements about what Ms. Walker could still do despite her impairments. (Tr. 32, 36.) So, these two opinions fall outside of the 20 C.F.R. § 404.1520c analysis.

As to Dr. Evans, the ALJ stated:

> The undersigned finds the opinion provided by Dr. Evans to be partially persuasive. Although Dr. Evans supported her opinion with the underlying examination, her opinion is not consistent with the longitudinal record which shows the claimant to also have limitations in interacting with others (Ex. 9E at 5; Ex. 4F at 2, 6; Ex. 7F at 11, 19; Ex. 9F at 8). Dr. Evans also used terms such as "likely" and "may affect" which are not vocationally defined, and thus, her opinion does not adequately articulate the limitation for use in a residual functional capacity assessment. However, the undersigned does adopt the restriction to simple work tasks.

(Tr. 32.)

After a close review of the medical evidence, I find that the ALJ properly evaluated the opinion of Dr. Evans. The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency. While not perfect, I find the ALJ did that here.

Plaintiff clearly suffers from some degree of pain and limitation. I am sympathetic to her claims. Yet, I also recognize, as did the ALJ, there are many discrepancies in the record about her habits of smoking and alcohol abuse. (Tr. 35, 58, 352, 485, 528, 680.) And she has not been compliant with taking her prescribed medications. Treatments notes report, "Patient says she has not been taking her medications for hypertension and does not care about it." (Tr. 322.) Records also reveal she was not taking her medication for her anxiety and depression. (Tr. 328.) And it is well settled that failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir.

1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989). This is especially important when, as is the case here, Plaintiff does better "as long as [she stays] on her medicine. (Tr. 483.)

Lastly, I am persuaded by the Commissioner's argument that Plaintiff is largely seeking for the Court to reweigh the evidence and reach a different conclusion. *Austin v. Kijakazi*, 52 F.4th 723, 730 (8th Cir. 2022) (quoting *Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022)). The law precludes the Court from doing this.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

And Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the

decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

DATED this 21st day of August 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE